IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YASMIN REYAZUDDIN                         :

                                    :

    v.                                  :   Civil Action No. DKC 11-0951

                                      :

MONTGOMERY COUNTY, MARYLAND               :

                                      :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yasmin Reyazuddin commenced this action on April 12, 2011, by filing a complaint against Montgomery County, Maryland ("the County"), alleging disability discrimination in violation of § 504 of the Rehabilitation Act of 1973.[1]   The complaint recites that Plaintiff, who is blind, worked for a number of years as an information specialist in the telephone call center of the County's Department of Health and Human Services ("HHS").   The HHS call center was consolidated with those associated with other county departments in or around February 2010.   Unlike the HHS call center, the consolidated call center, which was managed by the County's Office of Public Information, was not configured in a manner that made it accessible to blind employees.   As a result, Plaintiff was not

---

[1]   Section 504 provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"   29 U.S.C. § 794(a).

permitted to transfer to the consolidated call center when it opened. Instead, she was reassigned to a lower level support position within HHS and was told that her pay would be reduced because she was not required to utilize the same degree of skill in this new position.

Plaintiff alleged that the County violated the Rehabilitation Act by failing to make reasonable accommodations for her disability and by failing to provide her with alternative employment appropriate for her skill level and experience. As relevant to the instant motion, the complaint recites that, "[b]ecause of its receipt of federal financial assistance, including financial assistance in the Department of Health and Human Services and Office of Public Information[,] the County is subject to the provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*." (ECF No. 1 ¶ 5).

The County answered on September 1, 2011. In response to Plaintiff's allegation regarding the receipt of federal funding, the County admitted that it "receives federal funding but denie[d] that any federal funding was received in connection with the implementation of the [consolidated call] [c]enter." (ECF No. 10 ¶ 5). On the following day, the court issued a scheduling order establishing, *inter alia*, a deadline of October 17, 2011, for the amendment of pleadings.

2

On November 15, the County moved for judgment on the pleadings. Plaintiff responded, on November 29, by filing a motion for leave to amend her complaint, along with a consolidated memorandum of law in support of that motion and opposing Defendant's motion. Plaintiff sought leave to amend, pursuant to Fed.R.Civ.P. 15(a), in order "to add a claim under Title II of the [Americans with Disabilities Act ("ADA")]," which, she asserted, "would provide essentially the same remedies as those sought under the present Complaint[.]" (ECF No. 26-1, at 2).[2] In opposing this motion, the County argued that Plaintiff had applied the wrong legal standard. It observed that, because the deadline for amendment of pleadings had expired, Plaintiff was required to show good cause for modification of the schedule under Fed.R.Civ.P. 16(b), and that she failed to do so. In her reply papers, Plaintiff maintained that there was good cause for modification of the schedule because, in its discovery responses, the County "denied that the [consolidated call] [c]enter received federal funding for the past five years . . . [and] the possibility that [it] may not [receive federal funding] could complicate Plaintiff's requested relief." (ECF No. 35, at 2). Plaintiff suggested that she did not learn of this possibility until after the pleading deadline

---

[2] More importantly, the ADA claim Plaintiff wished to add would not be contingent upon the receipt of federal funding by the relevant entity.

had passed and that she filed her motion for leave to amend soon thereafter.

Both motions were denied by an opinion and order issued January 4, 2012. (ECF Nos. 36, 37). Regarding Plaintiff's motion for leave to amend, the court agreed with the County that Plaintiff was required to show good cause for modifying the scheduling order under Rule 16(b). In rejecting Plaintiff's argument that there was good cause, the court reasoned:

> While it seems unlikely that relief under the Rehabilitation Act will be precluded because the . . . call center, as distinct from the County itself, did not receive federal funding, the County plainly admitted in its answer that "it receives federal funding, but denie[d] that any federal funding was received in connection with the implementation of the [call] [c]enter." (ECF No. 10 ¶ 5). Thus, the County's assertion to the same effect in its answers to interrogatories should have come as no surprise to Plaintiff, and this "event" does not constitute good cause for modification of the schedule.

(ECF No. 36, at 13-14).

On January 18, 2012, Plaintiff filed the pending motion to reconsider the denial of her motion for leave to amend. (ECF No. 45). Despite the fact that she argued in support of her initial motion that "the possibility that the [consolidated call] [c]enter may not [receive federal funding] could complicate [her] requested relief" (ECF No. 35, at 2), she now purports to be concerned with the fact that the County has not

4

yet supplemented an answer to interrogatory with regard to whether the HHS department receives federal funding.  In Plaintiff's view, if a supplemental answer were to reveal that HHS does not receive such funding, relief under the Rehabilitation Act may be foreclosed.  Thus, she contends, "the receipt of new information justifies modifying the scheduling order to allow Plaintiff to amend her complaint." (ECF No. 45-1, at 7-8).  She further suggests that Defendant would not be prejudiced by the proposed amendment and that "adding a claim under the ADA [would] eliminate[] the need for the parties to litigate the potentially complicated issues surrounding federal funding and the Rehabilitation Act." (*Id*. at 8).

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  The precise standard governing such a motion in the Fourth Circuit is unclear.  *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).  While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy*

*Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions:

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Akeva, L.L.C. v. Adidas America, Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005) (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)).

Here, Plaintiff focuses on the third prong of this analysis, urging that "failing to allow her to amend her complaint to add a claim under the ADA could result in the manifest injustice of not having Plaintiff's claim decided on the merits." (ECF No. 45-1, at 7). Although there is a policy in the Fourth Circuit in favor of claims being resolved on their merits, *see Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002), it does not follow that the failure to reach the merits

necessarily constitutes a manifest injustice, as Plaintiff appears to suggest. This is particularly true where, as here, Plaintiff advances an argument in her motion for reconsideration that could have been raised in her prior motion, but was not. *Almy v. Sebelius*, 749 F.Supp.2d 315, 338 (D.Md. 2010) (denying motion for reconsideration under either Rule 59(e) or Rule 60(b) where she presented "arguments that were available to her and should have been raised in her initial [m]otion"). Indeed, the record reflects that the answers to interrogatories cited by Plaintiff as giving rise to "the ambiguity regarding HHS' federal funding" (*id.*) were served on or about November 18, 2011 (ECF No. 45-3, at 15), well before Plaintiff filed her motion for leave to amend. Moreover, even if this argument had been properly raised, it still would not explain Plaintiff's failure to move for leave to amend or for modification of the schedule prior to the amendment deadline. As noted in the previous opinion, "the primary consideration of the court in considering whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence" and "[l]ack of diligence or carelessness are the 'hallmarks of failure to meet the good cause standard.'" (ECF No. 36, at 12 (quoting *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). In any event, in responding to the instant motion, the County has "clarif[ied] th[e] ambiguity" cited by Plaintiff,

"admit[ting] that HHS has received significant federal funding every year." (ECF No. 46 ¶ 5). Thus, Plaintiff's concerns have apparently not come to bear. To the extent she suggests that the potential conservation of judicial resources and the lack of prejudice to Defendant justifies reconsideration, these arguments were considered and rejected by the court in its prior opinion. (ECF No. 36, at 14). *See Beyond Sys., Inc.*, 2010 WL 3059344, at *2 (a motion for reconsideration under Rule 54(b) may not be utilized to reiterate arguments previously rejected by the court).

Accordingly, it is this 27th day of February, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff Yasmin Reyazuddin (ECF No. 45) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for both parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge