IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YASMIN REYAZUDDIN                  :

    v.                          :   Civil Action No. DKC 11-0951

MONTGOMERY COUNTY, MARYLAND        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is a motion filed by Plaintiff Yasmin Reyazuddin for leave to file an amended or supplemental complaint. (ECF No. 53). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.   Background**

Plaintiff Yasmin Reyazuddin commenced this action on April 12, 2011, by filing a complaint against Defendant Montgomery County, Maryland ("the County"), alleging disability discrimination in violation of § 504 of the Rehabilitation Act of 1973. Plaintiff alleged in her complaint that the County violated the Rehabilitation Act by failing to make reasonable accommodations for her disability and by failing to provide her with alternative employment appropriate for her skill level and

experience. As relevant here, the complaint recited that, "[b]ecause of its receipt of federal financial assistance, including financial assistance in the Department of Health and Human Services and Office of Public Information[,] the County is subject to the provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*" (ECF No. 1 ¶ 5).

The County timely filed an answer on September 1, 2011. In response to Plaintiff's allegation regarding federal funding, the County admitted that it "receives federal funding but denie[d] that any federal funding was received in connection with the implementation of the [consolidated call] [c]enter." (ECF No. 10 ¶ 5). The next day, the court issued a scheduling order establishing, *inter alia*, a deadline of October 17, 2011, for any amendment of the pleadings.[1]

On November 15, the County moved for judgment on the pleadings, arguing that Plaintiff failed to exhaust administrative remedies. Plaintiff responded, on November 29, by filing a motion for leave to amend her complaint, along with a consolidated memorandum of law in support of that motion and opposing Defendant's motion. Plaintiff sought leave to amend, pursuant to Fed.R.Civ.P. 15(a), in order "to add a claim under

---

[1] The schedule was revised several times after the date for amendment. The current schedule sets a discovery deadline of December 21, 2012, and a dispositive motions deadline of January 30, 2013. (ECF No. 52).

Title II of the [Americans with Disabilities Act ("ADA")]," which she asserted "would provide essentially the same remedies as those sought under the present Complaint." (ECF No. 26-1, at 2). In opposing the motion to amend, the County argued that because the deadline for amendment of the pleadings had passed, Plaintiff was required to show good cause for modification of the schedule, pursuant to Fed.R.Civ.P. 16(b), and that she had failed to do so. In her reply papers, Plaintiff maintained that there was good cause for modification of the schedule because, in its discovery responses, the County "denied that the [consolidated call] [c]enter received federal funding for the past five years . . . [and] the possibility that [it] may not [receive federal funding] could complicate Plaintiff's requested relief." (ECF No. 35, at 2). Plaintiff suggested that she did not learn of this possibility until after the pleading deadline had passed and that she filed her motion for leave to amend soon thereafter.

Both motions were denied by an opinion and order issued January 4, 2012. (ECF Nos. 36, 37). Regarding the motion for leave to amend, the court agreed with the County that Plaintiff was required to show good cause for modifying the scheduling order under Rule 16(b). In rejecting Plaintiff's argument that there was good cause, the court reasoned:

> While it seems unlikely that relief under the Rehabilitation Act will be precluded because the . . . call center, as distinct from the County itself, did not receive federal funding, the County plainly admitted in its answer that "it receives federal funding, but denie[d] that any federal funding was received in connection with the implementation of the [call] [c]enter." (ECF No. 10 ¶ 5). Thus, the County's assertion to the same effect in its answers to interrogatories should have come as no surprise to Plaintiff, and this "event" does not constitute good cause for modification of the schedule.

(ECF No. 36, at 13-14).

On January 18, 2012, Plaintiff moved for reconsideration. (ECF No. 45). In that motion, she expressed concern that the County had not yet supplemented an answer to interrogatory with regard to whether the HHS department receives federal funding, contending that if a supplemental answer were to reveal that it does not, relief under the Rehabilitation Act may be foreclosed. In response, the County "clarif[ied] th[e] ambiguity" cited by Plaintiff, "admit[ting] that HHS has received significant federal funding every year." (ECF No. 46 ¶ 5). In reply, Plaintiff argued that the supplemental discovery response she received was not fully responsive to her query insofar as she had not received requested "documents reflecting 'all federal financial assistance received by defendant.'" (ECF No. 47, at 2 n. 2).

By a memorandum and order issued February 27, the court denied Plaintiff's motion for reconsideration. (ECF No. 48). It reasoned that the issue raised by Plaintiff could have been raised in its initial motion for leave to amend, but was not, and that, in any event, her "concerns have apparently not come to bear," citing the County's acknowledgement of the HHS department's receipt of federal funding. (ECF No. 48, at 8).

On July 24, 2012, Plaintiff filed the pending motion for leave to file an amended or supplemental complaint. (ECF No. 53). Plaintiff now asserts that, on or about May 4, 2012, she submitted an application for an open position in the consolidated call center and was subsequently granted an interview, but was not selected for the job. She alleges that she was "discriminated against in the conduct of the interview because she, unlike other applicants, was not provided with a written copy of the questions she would be asked in a format accessible to her." (ECF No. 53-2 ¶ 31). According to Plaintiff, the County "has an illegal *per se* ban on hiring blind individuals for work in the call center." (ECF No. 53-1, at 5). Based on this new event, she seeks to revise her complaint to add a failure to hire claim under Title II of the ADA.

The County has opposed Plaintiff's motion (ECF No. 54), and Plaintiff has filed papers in reply (ECF No. 55).

**II. Standard of Review**

While Plaintiff presents her motion as one to amend or to supplement her complaint, it may only be considered as a motion to supplement. "An amended complaint filed pursuant to Federal Rule of Civil Procedure 15(a) typically relates to matters that have taken place prior to the date of the pleading that is being amended," while a "supplemental complaint typically allows the pleader to 'set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) (quoting Fed.R.Civ.P. 15(d)). Plaintiff seeks to "add[] to [the complaint] allegations about [a] second act of discrimination," which allegedly occurred over a year after the suit was originally commenced. (ECF No. 55, at 2). Thus, her motion is construed as one for leave to file a supplemental complaint.

Motions to supplement are governed by Fed.R.Civ.P. 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

6

Despite the distinction between amended and supplemental pleadings, "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id*. (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2002)).

**III. Analysis**

The County contends that Plaintiff's new claim is simply an attempted end-run around the heightened requirements of Rule 16(b) and the court's prior rulings denying her leave to amend. It maintains that the motion should be considered under the good cause standard of Rule 16(b) and denied due to Plaintiff's lack of diligence in filing a timely motion for leave to amend. Defendant further argues that the motion should be denied under Rule 15(d) because "[t]he new claim will require additional depositions, written discovery and legal analysis." (ECF No. 54, at 7). According to the County, this "would place an onerous burden on Defendant and interfere with the timing of the current Scheduling Order." (*Id*. at 8).

Despite the County's argument to the contrary, Rule 16(b) does not apply in this context. That rule provides, in

subsection (4), that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). As noted, the schedule in this case set an October 17, 2011, deadline for amendment of the pleadings. Plaintiff's motion, however, is not one to amend, but to supplement her complaint based on events that have transpired since the time the original was filed. As the County itself observes, this claim "is founded on a new legal theory (violation of Title II of the ADA) and a new set of facts that are separate and distinct from Plaintiff's present claim of discriminatory selection and implementation of software under the Rehabilitation Act." (ECF No. 54, at 7-8). "Rule 16 does not require courts to set a deadline for supplemental pleadings and the [c]ourt did not set such a deadline" in this case; thus, that rule "is inapplicable in this matter and Plaintiff[] need not demonstrate good cause in order to supplement [her] [c]omplaint." *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, 243 F.R.D. 253, 256 (S.D.W.Va. 2007).

The County's argument that significant prejudice will result due to delay in the completion of discovery is also unpersuasive. While additional discovery will certainly be necessary, the substance of Plaintiff's ADA claim is similar to the Rehabilitation Act claim that has been the subject of discovery to this point. *See Paulone v. City of Frederick*, 787

F.Supp.2d 360, 369 (D.Md. 2011) ("the statutes 'share the same definitions of disability,' *id*. at 433, and Title II of the ADA explicitly provides that '[t]he remedies, procedures, and rights' provided under § 504 of the Rehabilitation Act 'shall be the remedies, procedures, and rights [that Title II of the ADA] provides to any person alleging discrimination on the basis of disability. . . .' 42 U.S.C. § 12133."). Thus, there is substantial overlap between the claims such that much of the discovery that has already been completed will apply to both. Moreover, if the court were to deny the motion, there would be nothing to prevent Plaintiff from simply filing a new complaint raising the ADA claim based on new events. If that were to occur, the new complaint would likely be consolidated with the instant case, a process that would almost certainly result in even more delay and expense. *See Franks*, 313 F.3d at 198 ("'requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules'" (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1505 (2d. ed. 1990)).

Permitting Plaintiff to add an ADA claim will also help to ensure that the case is ultimately adjudicated on its merits. Apparently, a focus of discovery has been on the receipt of

9

federal funding by the relevant County department associated with the consolidated call center. A key distinction between the Rehabilitation Act and Title II of the ADA is that the Rehabilitation Act applies to "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The term "program or activity" is defined as including "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government[.]" 29 U.S.C. § 794(b)(1)(A). While the Act is remedial in nature and its scope is quite broad, at least one appellate court has found that "state or local governments may not automatically incur liability for the discriminatory actions of subordinate actors or agencies under the Rehabilitation Act" and required a showing of "a sufficient nexus" between the federal funds and the discriminating entity. *See LaPier v. Prince George's County, Md.*, 2011 WL 4501372, at *3 n. 1 (D.Md. Sept. 27, 2011) (citing *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991)).

Here, the County has consistently denied that the Office of Public Information, the department that manages the consolidated call center, or the consolidated call center itself received any federal funding. To the extent that it might argue on summary judgment that it cannot be liable under the Rehabilitation Act because there is an insufficient nexus between the call center

and federal funding, permitting Plaintiff to add a claim under the ADA, which is not contingent upon the receipt of federal money, will advance the Fourth Circuit's "longstanding policy in favor of merits-based adjudication." *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 n. 3 (4th Cir. 2010).

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to file a supplemental complaint will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge