UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 400
GREENBELT, MARYLAND 20770
(301) 344-0630

January 4, 2017

**FILED VIA CM/ECF**

Counsel of Record

    Re:    *Reyazuddin v. Montgomery County, Maryland*
              Civil Action No. DKC 11-0951

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Thursday, March 9, 2017 at 10:30 a.m.** to be held in my chambers (Suite 400). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3.

No later than Thursday, March 2, 2017, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted *ex parte* by U.S. mail, or, if their total length including exhibits is less than 15 pages, by email addressed to MDD_JKSchambers@mdd.uscourts.gov. The letters will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                              Very truly yours,

                                                   /S/

                                            Jillyn K. Schulze
                                            United States Magistrate Judge

Copies to:  Sharon Townsend