**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| YASMIN REYAZUDDIN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-00951-DKC |
| | * | |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEY FEES, EXPENSES AND COSTS**

Defendant, Montgomery County, Maryland, by and through undersigned counsel,

opposes all relief requested in Plaintiff's Motion for Attorneys' Fees, Expenses and Costs

(Plaintiff's Motion).  Defendant requests the court to invoke the process of deciding the issue of

whether Plaintiff is entitled to attorney fees and costs before the parties brief the issue of the

extent and value of services Plaintiff claims.  This process is expressly authorized under Fed. R.

Civ. P. 54 (d)(2)(C).  Defendant has contemporaneously filed Defendant's Motion to Determine

Whether Defendant Is Liable for Plaintiff's Attorney Fees, Expenses and Costs Before the

Parties Brief the Issue of the Extent and Value of Plaintiff's Attorney's Fees, Expenses and

Costs. (Defendant's Motion).  All arguments in Defendant's Motion as to why the issue of

liability for fees and costs should be determined first and why Plaintiff is not entitled to any fees,

costs or expenses are incorporated herein by reference.

In brief summary, Plaintiff is not a prevailing party because there has been no material

alteration in the legal relationship of the parties. A party has prevailed only if there has been a

material alteration of the legal relationship of the parties and there is a 'judicial imprimatur' on

the change. Plaintiff has not and cannot meet that burden.  After six years of litigation, Plaintiff has recovered a technical judgment in the amount of zero dollars in compensatory damages and received a complete denial of her claims for declaratory and injunctive relief. Her case has no public value, and she refused settlement offers. As such, Plaintiff's request for attorney fees, expenses and costs is not warranted and must be denied.

In the alternative, to the extent Plaintiff is considered to be a prevailing party for any purpose as a result of the technical victory she obtained for zero dollars of compensatory damages, Plaintiff is not entitled to reimbursement of any attorney fees, expenses or costs under the applicable statutes, rules and case law.

In further support of this Opposition, Defendant directs the Court's attention to Defendant's Memorandum of Grounds and Authorities in Support of Defendant's Motion to Determine Whether Defendant Is Liable for Plaintiff's Attorney Fees, Expenses and Costs Before the Parties Brief the Issue of the Extent and Value of Plaintiff's Attorney's Fees, Expenses and Costs which is being filed contemporaneously with this Opposition and is incorporated herein by reference.   In the event the Court denies, in whole or in part, Defendant's Motion to Determine Whether Defendant Is Liable for Plaintiff's Attorney Fees, Expenses and Costs Before the Parties Brief the Issue of the Extent and Value of Plaintiff's Attorney's Fees, Expenses and Costs, then Defendant requests (if a request is necessary) the opportunity to fully respond to all factual and legal claims Plaintiff makes in her yet-to-be-filed Memorandum of Grounds and Authorities in Support of Plaintiff's Motion for Attorney Fees, Costs and Expenses.

Wherefore, the above premises considered, Defendant respectfully requests this Honorable Court to decide the issue of whether Defendant is liable for Plaintiff's attorney fees,

costs, and/or expenses before the parties brief the value of services provided, and respectfully requests that this Honorable Court find that Plaintiff is not entitled to recover any of her attorney fees, costs or expenses from Defendant, and deny her Petition accordingly.

Respectfully submitted,

MARC HANSEN
COUNTY ATTORNEY

_____/s/_____

Patricia P. Via, Chief
Division of Litigation – Self-Insurance
Bar No. 04829
(signed by Patricia Lisehora Kane with permission of
Patricia P. Via)

_____/s/_____

Patricia Lisehora Kane
Associate County Attorney
Bar No. 13621

_____/s/_____

Patricia V. Haggerty
Associate County Attorney
Federal Bar No. 18472
(signed by Patricia Lisehora Kane with permission of
Patricia V. Haggerty)

Attorneys for Defendant
Montgomery County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

Filed:  September 12, 2017

3