**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| YASMIN REYAZUDDIN, | |
| Plaintiff, | |
| v. | Civil Action No. 8:11-cv-00951-DKC |
| MONTGOMERY COUNTY, MARYLAND, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR A FINDING THAT SHE IS ENTITLED TO
AN AWARD OF REASONABLE ATTORNEYS' FEES, COSTS, AND EXPENSES**

From November 2009 until October 26, 2016, Montgomery County tenaciously resisted allowing Yasmin Reyazuddin to work in the County's new telephone call center, solely because she is blind. During that time, the County insisted it was not technologically feasible, at a price that was not an undue hardship, to have a blind call center employee. Only after Ms. Reyazuddin secured a jury verdict finding that she was a victim of disparate treatment discrimination and that Montgomery County had failed to provide reasonable accommodations did the County finally change its position and transfer her to the call center. Even that change (just months before a scheduled trial on equitable relief) was late coming -- a witness for Montgomery County admitted that the technology used by Ms. Reyazuddin once she was transferred was the same technology in place six years earlier. Because Ms. Reyazuddin obtained a judgment on the merits of her claims that led to the Defendant's capitulation, she is the "prevailing party" within the meaning of 29 U.S.C. § 794a and is entitled to an award of reasonable attorney's fees, costs, and expenses for the period until she was transferred to the call center.

**Factual and Procedural Background**

In April 2011, Ms. Reyazuddin sued Montgomery County, her employer, for discriminating against her on the basis of disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Ms. Reyazuddin alleged that the County had discriminated against her by failing to transfer her to a new County call center ("MC311" or the "Call Center") with all of her similarly-positioned peers because the new Call Center software was inaccessible to her.  Instead of accommodating Ms. Reyazuddin, the County placed her in make-work dead-end jobs where she languished for seven years.  *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 416 (4th Cir. 2015).  Ms. Reyazuddin sought declaratory and injunctive relief, as well as compensatory damages.  Ex. 1, First Amended Complaint, Dkt. 58 at 10-11.

In October 2015, the County offered Ms. Reyazuddin a position at the Columbia Lighthouse for the Blind ("CLB"), which Ms. Reyazuddin turned down.  Ex. 2, 10/26/2015 Letter, Dkt. 300-4; Ex. 3, Deposition of Yasmin Reyazuddin, Dkt. 300-5, depo p. 21:10-16.  Because the CLB job offer was made years after the close of discovery, and because there was a dispute over whether it was a reasonable accommodation, that fact question was not put to the jury.  Instead, Plaintiff limited her damages claim up to the date of that offer, leaving that fact question for resolution at an anticipated second-phase trial dealing with the question of injunctive relief.  Ex. 4, Memorandum Opinion, Dkt. 353 at 3, 35.

At a jury trial held in February 2016, Ms. Reyazuddin presented evidence of the County's discrimination up until it offered her the position at CLB.  Based on the evidence presented, the jury made the following findings:

    A.     Ms. Reyazuddin is an individual with a disability;

    B.     The County had notice of her disability;

2

C.      Ms. Reyazuddin could perform the essential functions of a Customer Service Representative with a reasonable accommodation;

D.      The County failed to provide a reasonable accommodation inside or out of the Call Center;

E.      The County's failure to transfer Ms. Reyazuddin to the Call Center was an adverse employment action; and

F.      It would not have been an undue hardship for the County to make the Call Center accessible to Ms. Reyazuddin.

Ex. 5, Verdict Sheet, Dkt. 221.  Thus, Ms. Reyazuddin prevailed on the merits of her claim that the County violated the Rehabilitation Act, though the jury did not award her any non-economic damages for those violations.  *Id.*  The jury was not asked to award economic damages.  *Id.*

After a post-verdict conference, the Court set a schedule to allow Plaintiff to file a motion for injunctive relief.  Ex. 6, 3/3/2016 Letter Order, Dkt. 226.  After considering Plaintiff's Motion and Defendant's Opposition, the Court entered a discovery schedule on equitable relief and also on whether the offered CLB position was a reasonable accommodation that cut off Ms. Reyazuddin's right to any further remedy.[1]  Ex. 8, 5/27/2016 Letter Order, Dkt. 241.

On September 27, 2016, while discovery was proceeding, the County wrote Ms. Reyazuddin a letter saying she would be moved to MC311 effective October 27, 2016.  Ex. 9, 9/27/2016 Letter, Dkt. 258-1.  Defendant notified the Court of the scheduled move for the first time on October 5, 2016.  Ex. 10, Def. Mot. to Modify Sched. Order and Stay Discovery,

---

[1] During a May 3, 2016, hearing on Plaintiff's request for equitable relief, the Court stated that it was "pretty sure" Ms. Reyazuddin was entitled to a declaration given the jury verdict.  Ex. 7, 5/3/2016 Hearing Tr., Dkt. 246 at 58:1-3.  But, in order to properly consider what relief to order, if any, the Court agreed with Plaintiff that post-verdict pre-judgment discovery was required. *Id.,* 58:12-59:9.

3

Dkt. 258.  On October 27, 2016, the County transferred Ms. Reyazuddin to the Call Center, where she continues to work.[2]  After additional briefing on equitable relief, as well as on questions of mootness and standing, the Court held an evidentiary hearing in April 2017.

On August 21, 2017, the Court denied Ms. Reyazuddin's claim for injunctive relief because she had been transferred to the Call Center and was no longer doing "make-work." Ex. 4, Mem. Op., Dkt. 353 at 29, 42; *see also id.* at 19 ("If Defendant had failed to offer Plaintiff any accommodations since those considered by the jury, Plaintiff's request for injunctive relief based on the verdict would have force.").  The Court denied Ms. Reyazuddin's claim for declaratory relief because "[t]he jury made clear that Defendant's earlier accommodation was insufficient" and "[f]urther expounding on the jury's verdict would be superfluous."  *Id.* at 41-42.  Based on its holding regarding Ms. Reyazuddin's work at the Call Center, the Court did not need to make a factual finding about the proffered CLB position, but noted that it "would have been isolated from other County employees and was created and offered in a manner that deviated significantly from normal County or CLB practices," and that "[i]t . . . seems doubtful that such a position would have provided Plaintiff with a reasonable accommodation." *Id.*  at 35 n.5.

### Legal Standard

The Rehabilitation Act provides that "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a.   "The term 'prevailing party,' . . . is a 'legal term of art,' . . . and is 'interpreted . . .

---

[2] Notably, the move to the Call Center was accomplished while it was using the same technology that was available and it had been using since its start-up date.  Ex. 11, Deposition of Dieter Klinger submitted as trial testimony, 15:10-20; 21:7-10; 22:2-24:4.

consistently'— that is, without distinctions based on the particular statutory context in which it appears." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 603 n.4 (2001)) (internal citations omitted). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

<u>**Argument**</u>

**I.      Ms. Reyazuddin is the "prevailing party."**

Ms. Reyazuddin prevailed on the merits of her claims at trial when the jury found that the County discriminated against her on the basis of her disability in violation of the Rehabilitation Act. That determination is sufficient to find that Ms. Reyazuddin is the "prevailing party" and entitled to a reasonable attorney's fee under 29 U.S.C. § 794a because, as the Supreme Court has held, "liability on the merits and responsibility for fees go hand in hand." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Buckhannon*, 632 U.S. at 615 (""[W]hen 'prevailing party' is used by courts or legislatures in the context of a lawsuit, it is a term of art. It has traditionally...meant the party that wins the suit or obtains a finding (or an admission) of liability."" (Scalia, J., concurring)).

Because Ms. Reyazuddin obtained a judgment on the merits of her claims, her claim to "prevailing party" status is even stronger than that of many other plaintiffs who have recovered fees. For example, plaintiffs are routinely found to be prevailing parties when a defendant settles or moots a claim after preliminary injunctive relief has been ordered, even though the Supreme Court eliminated the "catalyst theory" of prevailing party status in *Buckhannon*. *See*

*Buckhannon*, 532 U.S. at 610; *see also People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d Cir. 2008) (affirming award of attorneys' fees to party that challenged city ordinance and that obtained preliminary relief, after which the city passed a new ordinance and implementing regulations and the case was dismissed with agreement of the parties); *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008) (same); *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010) (reversing district court's denial of fees to plaintiff who challenged constitutionality of laws and obtained an order preliminarily enjoining their enforcement, after which state legislature repealed the challenged provisions and the case was dismissed as moot); *Rogers Grp. v. City of Fayetteville*, 683 F.3d 903 (8th Cir. 2012) (affirming district court's award of attorneys' fees to plaintiff who challenged city ordinance and obtained a preliminary injunction enjoining enforcement of the ordinance, after which the city repealed the ordinance and the plaintiff's remaining claims were dismissed as moot); (*Higher Taste v. City of Tacoma*, 717 F.3d 712 (9th Cir. 2013) (reversing district court's denial of attorneys' fees to plaintiff who challenged constitutionality of local resolution and obtained preliminary relief enjoining enforcement of resolution, after which the parties settled the plaintiff's claims and the case was dismissed without incorporating the terms of the parties' settlement agreement).[3]

Following *Buckhannon*, the District of Columbia Circuit distilled "three core principles for construing the term 'prevailing party' in federal fee-shifting statutes," each of which is

---

[3] In *National Rifle Association of America Inc. v. City of Chicago*, the Seventh Circuit addressed a similar question. 646 F.3d 992 (7th Cir. 2011). There, the plaintiffs were denied relief by the district court and the Seventh Circuit before ultimately obtaining a favorable judgment in the Supreme Court. After entry of that judgment, the defendants repealed the challenged ordinances and the plaintiffs' suit was dismissed as moot. On remand, after the district court denied the plaintiffs attorneys' fees, the Seventh Circuit reversed, holding that plaintiffs were "prevailing parties" where the Supreme Court's decision addressed the primary question in the litigation and (as the County did here) the "defendants bowed to the inevitable." *Id.* at 994.

satisfied in this case.  *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir.

2005).

> First, . . . a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant.
>
> Second, a prevailing party is one in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

*Id.*  Most obviously, the second factor is satisfied because judgment was entered in

Ms. Reyazuddin's favor.  *See* Ex. 12, Order of Judgment, Dkt. 354 (ordering that "JUDGMENT

BE, and the same hereby is, ENTERED in favor of Yasmin Reyazuddin, and against

Montgomery County for her claims under Section 504 of the Rehabilitation Act of 1972, in the

amount of $0.00 in compensatory damages.") (emphasis in original); *see also Dennis v.*

*Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 652-53 (4th Cir. 2002) (noting that

*Buckhannon* "adopt[ed] the Black's Law Dictionary definition of 'prevailing party' as 'a party in

whose favor a judgment is rendered, regardless of the amount of damages awarded.'" (quoting

*Buckhannon*, 532 U.S. at 603)).  *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228

(3d Cir. 2011) ("A grant of summary judgment or a trial verdict in favor of the plaintiff is no

doubt a 'judgment.'").

The first factor (court-ordered change in the relationship between the parties) is also

satisfied notwithstanding the fact that the Court denied Ms. Reyazuddin's request for injunctive

relief.  The posture of this case is similar to that in *Project Vote/Voting for America, Inc. v.*

*Dickerson*, 444 F. App'x 660 (4th Cir. 2011).  In *Project Vote*, the plaintiff prevailed at summary

judgment, but was denied injunctive relief because the parties had entered into a settlement of

that portion of the plaintiff's claim.  The Fourth Circuit reversed the district court's denial of fees

and explained that a plaintiff is the prevailing party when it succeeds on the merits but is denied

injunctive relief *because* the parties have entered into a settlement. *Id.* at 663. While the parties

in this case did not settle Ms. Reyazuddin's claim to injunctive relief, the Court denied her

request for an injunction *because of* the steps that the County took *after* the jury rendered its

verdict.[4] *See* Ex. 4, Mem. Op., Dkt. 353 at 30 ("The issues Plaintiff now presents are

considerably different from those that were previously in front of the jury. This evidence shows

that Plaintiff is now doing meaningful work."). Thus, just as the district court in *Project Vote*

"should have 'credited' Plaintiffs for bringing the MTA into a settlement, a 'binding judicial

undertaking,' which afforded Plaintiffs most of the equitable relief sought in the complaint," the

Court should credit Ms. Reyazuddin for obtaining a jury verdict that would have entitled her to

the injunctive relief she requested had the County not rectified its conduct. Ex. 4, Mem. Op.,

Dkt. 353 at 19 ("If Defendant had failed to offer Plaintiff any accommodations since those

considered by the jury, Plaintiff's request for injunctive relief based on the verdict would have

force."); *see also Corral v. Montgomery Cty.*, 91 F. Supp. 3d. 702, 711-712 (D. Md. 2015)

(finding *Project Vote* persuasive in determining that plaintiff who did not achieve goal of

obtaining adjudication of County's unconstitutional policy or practice was nonetheless the

prevailing party because "that lack of success was not due to a judicial decision that the claims

were meritless" and the lawsuit was, instead, resolved through settlement).

---

[4] As noted *supra* at page 4, the Court has already cast doubt on any notion that the County
fulfilled its legal obligation to Ms. Reyazuddin's claim for injunctive relief *before* the jury
rendered its verdict when it offered her the position at CLB. *See* Mem. Op., Ex. 4, Dkt. 353 at
35 n.5.

Finally, this is not a case where Ms. Reyazuddin obtained a judicial pronouncement without any corresponding relief.  To the contrary, following the jury's verdict, the County implemented many of the changes that it admits Ms. Reyazuddin had requested and her expert had proposed during the trial.  Ex. 13, 4/28/2017 Trial Tr., Dkt. 386 at 69:6-20; 71:19-22.  As this Court opined, "The jury made clear that Defendant's earlier accommodation was insufficient.  The County has *now* provided Plaintiff with an entirely new accommodation that is compliant with the ADA." Ex. 4, Mem. Op., Dkt. 353 at 41-42 (emphasis added).[5]  Ms. Reyazuddin therefore obtained both a verdict that the County discriminated against her as she claimed (a judicial pronouncement) *and* the benefit of actions by the County to address that discrimination that were compelled/necessitated by the jury's verdict.

Ms. Reyazuddin's success at trial sets this case apart from those where a plaintiff has been denied fees even after prevailing at the preliminary injunction stage.  In *Smyth ex rel. Smyth v. Rivero*, for example, the court held that because "the merits inquiry in the preliminary injunction context is necessarily abbreviated," it "belie[s] the assertion that the district court's decision to grant a preliminary injunction was an 'enforceable judgment on the merits' or something akin to one for prevailing party purposes."  282 F.3d 268, 276-77 (4th Cir. 2002); *see also Singer Mgm't Consultants*, 650 F.3d at 229-30.  Here, however, because Ms. Reyazuddin prevailed in a full proceeding on the merits and not simply in a likelihood-of-success inquiry, the

---

[5] The County has demonstrated time and again that it only made efforts to accommodate Ms. Reyazuddin as a result of this lawsuit.  Ex. 14, Deposition of Stephen Heissner, Dkt. 310-4, depo p. 10:6:12 (outside of efforts of county attorney, County took no steps to determine if Siebel could be configured for blind users"); Ex. 15, 4/26/2017 Trial Tr., Dkt. 385 at 85:24-86:13 (aux code system Ms. Reyazuddin could use not made available until evidentiary hearing).  In fact, this Court noted that the "interactive process" was taking place right in court.  Ex. 13, 4/28/2017 Trial Tr., Dkt. 386 at 33:14-34:11.

Court should find that she is the "prevailing party" entitled to a reasonable attorney's fee under

29 U.S.C. § 794a.

**II.    The jury's failure to award Ms. Reyazuddin damages is not a basis for denying her a reasonable attorney's fee.**

To the extent the County claims that Ms. Reyazuddin is not entitled to fees pursuant to

*Farrar* because she failed to recover damages, the County is wrong.  Since *Farrar*, the Fourth

Circuit has been guided by Justice O'Connor's concurrence in that decision.  *See Mercer v. Duke*

*Univ.*, 401 F.3d 199, 203-04 (4th Cir. 2005).  When determining whether an award of attorneys'

fees is proper, "courts should consider 'the extent of relief, the significance of the issue on which

the plaintiff prevailed, and the public purpose served' by the litigation."  *Id.* (quoting *Farrar*, 506

U.S. at 122 (O'Connor, J., concurring)).  In a case seeking injunctive relief, "the relevant

comparison, of course, would be the scope of the injunctive relief sought to the relief actually

granted."  *Id.* at 205.

Here, Ms. Reyazuddin sought damages, injunctive relief in the form of a transfer to the

MC311 Call Center accompanied by use of accessible software in the call center, and a

declaration of her rights.  Although she did not recover damages at trial, as counsel argued to the

jury, this case has never principally been about damages.  Ex. 16, 2/10/2016 Trial Tr., Dkt. 387

at 38:3-16.  Instead, the crux of Ms. Reyazuddin's claim (indeed, the most significant issue in the

litigation) has always been her request to be transferred to the Call Center just as her sighted

colleagues had been, and to be provided accommodations so she could perform the functions of

an MC311 Customer Service Representative ("CSR").  On that front, she was successful.[6]

Following the jury's determination that the County was violating the Rehabilitation Act, the

---

[6] Ms. Reyazuddin prevailed on her claim for injunctive relief notwithstanding the Court's refusal to enter an injunction against the County.  *See supra* at pages 7-8 (discussing *Project Vote*).

County transferred Ms. Reyazuddin to the Call Center and gave her accommodations to perform as an MC311 CSR.  This case also served the public interest by establishing that municipalities, like the County, may be liable for failing to accommodate their employees when making upgrades to their technology.  The outcome of this case should (and hopefully will) serve as guidance to other state and local governments as they purchase and utilize new technology.

Because Ms. Reyazuddin prevailed on the most significant issue in this litigation (her request to be transferred to the MC311 Call Center with accommodations to perform the essential functions of a  CSR) and because the outcome of this case will serve the public interest, the jury's failure to award Ms. Reyazuddin economic damages and the County's unilateral provision of the requested relief before the Court had the opportunity to order it does not undermine her status as the "prevailing party."

## Conclusion

For the foregoing reasons, the Court should find that Plaintiff Yasmin Reyazuddin is the "prevailing party" entitled to a reasonable attorney's fee, costs, and expenses under 29 U.S.C. § 794a and order the parties to submit a schedule for briefing on the proper amount.

Respectfully submitted,

Joseph B. Espo (Fed. Bar No. 07490)
Kevin D. Docherty (Fed. Bar No. 18596)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
jbe@browngold.com
kdocherty@browngold.com
T: (410) 962-1030
F: (410) 385-0869

11

Timothy R. Elder (Fed. Bar No. 29434)
Albert Elia (Fed. Bar No. 14130)
TRE LEGAL PRACTICE
4226 Castanos Street
Fremont, California 94536
telder@trelegal.com
T: (410) 415-3493
F: (888) 718-0617

*Attorneys for Plaintiff*

Dated:  January 18, 2019