IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YASMIN REYAZUDDIN                    :
                                     :
                                     :
    v.                               :   Civil Action No. DKC 11-0951
                                     :
MONTGOMERY COUNTY, MARYLAND          :
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is Plaintiff Yasmin Reyazuddin's motion for a finding that she is entitled to an award of reasonable attorneys' fees, costs, and expenses. (ECF No. 403). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

In April of 2011, Ms. Reyazuddin sued Defendant Montgomery County ("Defendant" or the "County") for violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (ECF No. 1). Ms. Reyazuddin's claim stemmed from the County's failure to accommodate her disability: Ms. Reyazuddin is blind. As alleged in the complaint, as of 2009, the County employed Ms. Reyazuddin as a customer service representative at a County call center. When the County moved to a new call center ("MC311"), Ms. Reyazuddin

was denied the opportunity to make the move. The County's new call center came with new software, which was not then accessible to the blind. (*Id*.) Instead, Ms. Reyazuddin was placed in a series of alternate positions.

Ms. Reyazuddin sought declaratory and injunctive relief from the County, as well as compensatory damages, based on the Rehabilitation Act and the Americans with Disabilities Act. In 2014, this court granted summary judgment in favor of Montgomery County. (ECF No. 108). Ms. Reyazuddin successfully appealed with regard to the Rehabilitation Act claim, (ECF No. 113), and, in 2016, the remaining issues went to trial. The jury found that the County had failed to provide a reasonable accommodation but awarded $0 in damages. (ECF No. 221). Several months later, the County finally transferred Ms. Reyazuddin to MC311. (ECF No. 403, at 4). In August 2017, this court denied Ms. Reyazuddin's request for injunctive relief on the ground that she was no longer employed in inadequate alternate positions and was now employed at MC311. (ECF No. 353). The court also declined to issue a declaratory judgment because "[t]he jury made clear that Defendant's earlier accommodation was insufficient[]" and "[f]urther expounding on the jury's verdict would be superfluous[.]" (*Id*. at 41-42). Ms. Reyazuddin again appealed and the Fourth Circuit affirmed this court's judgment. (ECF No. 398-1).

On January 18, 2019, Ms. Reyazuddin filed a motion for attorneys' fees claiming she is a "prevailing party" under the Rehabilitation Act. (ECF No. 403).

**II. Analysis**

Under the Rehabilitation Act, "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." 29 U.S.C. § 794a. "The term 'prevailing party'. . . is a 'legal term of art,' . . . and is 'interpreted. . . consistently' – that is, without distinctions based on the particular statutory context in which it appears." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 603 n. 4 (2001))(internal citations omitted).

To be considered a "prevailing party," a plaintiff must obtain "an enforceable judgment . . . or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal citations omitted). There is no consent decree or settlement in this case. Thus, the only avenue open to Ms. Reyazuddin is the first of the *Farrar* options: an enforceable judgment. As will be discussed, while Ms. Reyazuddin has won a

judgment, it cannot be characterized as an enforceable one sufficient to make her a prevailing party.

Plaintiff relies on a case from the United States Court of Appeals for the District of Columbia, *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005), as well as a Fourth Circuit case, *Dennis v. Columbia Colleton Med. Ctr. Inc.*, 290 F.3d 639, 652-53 (4th Cir. 2002), for the proposition the *amount* of damages is irrelevant. (ECF No. 406, at 3). Justice O'Connor's much-cited concurrence in *Farrar*, which plaintiff relies on – and which forms the basis of both *Select Milk Producers* and *Dennis* - makes clear that there is a difference between nominal damages and *no* damages: there, the plaintiff "obtained an enforceable judgment for one dollar in nominal damages. One dollar is not exactly a bonanza, but it constitutes relief on the merits. And it affects the defendant's behavior toward the plaintiff, if only by forcing him to pay one dollar — something he would not otherwise have done." *Farrar*, 506 U.S. 103, 116–17 (O'Connor, J., concurring). In sum, to claim "prevailing party" status, the judgment must "materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12 (majority opinion). One dollar

4

technically accomplishes that (even if it does not ultimately warrant an award of attorneys' fees), but zero dollars does not.

Put another way, "a judicial pronouncement that the defendant has violated the [law]," standing alone, "does not render the plaintiff a prevailing party." *Id.* at 112; *see also Hewitt v. Helms*, 482 U.S. 755, 762 (1987) ("the moral satisfaction of knowing that a federal court concluded that [a plaintiff's] rights ha[ve] been violated" is insufficient to render plaintiff a prevailing party"). There has been no material alteration of the legal relationship between the parties by virtue of a judgment in this case.

Plaintiff argues that her claim "is even stronger than that of many other plaintiffs who have recovered fees. For example, plaintiffs are routinely found to be prevailing parties when a defendant settles[.]" (ECF No. 403, at 5). Ms. Reyazuddin, however, can point to no case in this circuit or out where a settlement *alone* was found to have the necessary "judicial imprimatur" to render a plaintiff the "prevailing party." All of Ms. Reyazuddin's cited cases involve a judicial grant of equitable relief.

The court has found, of course, that the County has now reasonably accommodated Ms. Reyazuddin and thus that Ms. Reyazuddin has achieved a measure of success. That success,

5

however, lacks the requisite "judicial imprimatur." Ms. Reyazuddin ultimately *did* "prevail[] on the most significant issue in this litigation (her request to be transferred to the MC311 Call Center with accommodations[.)]" (ECF No. 403, at 11). Plaintiff may even be correct that "[t]he jury's verdict was the *predicate* for the relief that Ms. Reyazuddin obtained." (ECF No. 406, at 2) (emphasis added). This, however, is just another way of saying that "the jury's verdict was the *catalyst* for the relief that Ms. Reyazuddin obtained."

In other words, Plaintiff is simply advancing the "catalyst theory," which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601. The Supreme Court has expressly held that "the 'catalyst theory' is not a permissible basis for the award of attorney[s'] fees[.]" *Id*. at 610.

It bears repeating that "prevailing party" is a legal term of art, and is not met even if Ms. Reyazuddin has "prevailed" in the everyday meaning of the word. Ms. Reyazuddin does not meet the legal definition of a "prevailing party," as there has been no "court-ordered change in the legal relationship between the

plaintiff and the defendant." *Id.* at 604 (internal citations and quotations omitted).

## III. Conclusion

For the foregoing reasons, the motion for a finding that Plaintiff is entitled to an award of reasonable attorneys' fees will be denied. A separate order will follow.

                                                                  /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge