Case 8:11-cv-00951-DKC   Document 426-22   Filed 10/27/21   Page 1 of 6

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| YASMIN REYAZUDDIN,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY COUNTY, MARYLAND,<br><br>Defendant. | Civil Action No. 8:11-cv-00951-DKC |

## DECLARATION OF DANIEL F. GOLDSTEIN

I, Daniel F. Goldstein, hereby declare:

1. Until my retirement at the end of 2017, I was a member in good standing of the bars of the Maryland Court of Appeals; the United States District Court for the District of Maryland; the Supreme Court of the United States; the United States Courts of Appeal for the District of Columbia, Fourth, Fifth, Sixth, Eighth, and Tenth Circuits; as well as the United States Court of Federal Claims.

2. I was a partner at the firm of Brown, Goldstein & Levy, LLP, from its founding in 1984 to my retirement. I was serving as co-counsel for the Plaintiff in this litigation.

3. I have considerable experience in ADA and disability-related litigation. In thirty-one years of representing the National Federation of the Blind, I have in connection with nonvisual access to technology (1) secured preliminary injunctive relief to enable blind applicants to the California Bar to take the multi-state bar examination using screen access software; (2) negotiated a settlement with Target on behalf of a class of blind Californians over the inaccessibility of www.target.com that required making and maintaining that site as accessible to the blind and secured a $6 million damage award on behalf of the class; (3) negotiated a settlement of litigation with AOL to make AOL accessible; (4) reached

agreements with Amazon, eBay, Ticketmaster, Travelocity, Scribd, and LSAC to make their respective websites accessible; (5) negotiated settlements with Diebold, Inc., to manufacture, sell, and deploy audio accessible ATMs, and with Chevy Chase Bank to make its entire fleet of ATMs voice guided; (6) at the request of the Vermont Commission on Human Rights, assisted it in securing agreements from the larger banks with Vermont branches to make all of their ATMs accessible; (7) negotiated a settlement of a suit on behalf of the NFB, a class of blind plaintiffs, and the Commonwealth of Massachusetts against Cardtronics Corporation, the largest deployer of ATMs in the world, to make its domestic fleet of more than 25,000 ATMs accessible to the blind; (8) secured accessible voting machines for the blind for the State of Maryland and for Volusia County, Florida; (9) secured an agreement on behalf of the NFB, together with the Commonwealth of Massachusetts, with Apple, Inc. to make iTunesU accessible to the blind; (10) secured accessible absentee ballots for the blind in the States of Maryland and Ohio; (11) assisted in securing accessible New York DMV and Board of Election websites enabling blind voters to register online and update and change addresses; (12) assisted in securing a settlement with the State of Maryland on behalf of blind prisoners to secure training to allow them to navigate the prison independent of inmate assistance and nonvisual access to the Inmate Handbook, the law library, and all prison forms; (13) successfully litigated on behalf of a blind mother in Georgia and a blind custodial grandmother in Alabama to secure their rights as parents in the face of assertions that blindness disabled them from that role.

    4.    With respect to equal access to technology in post-secondary education, I have (1) successfully resolved a complaint against Penn State University on behalf of a blind graduate student that required it to make its more than 8,000 websites, its library software, and its podia software accessible; (2) settled litigation against Arizona State University to require it to cease

using the Kindle or other e-book readers until the e-book readers were accessible; (3) successfully negotiated the admission of a blind nursing student to Nassau Community College; (4) settled a lawsuit on behalf of two blind undergraduate students at Florida State University ("FSU") that required the Math Department at FSU to procure only accessible software curriculum in the future and required the University remove all accessibility barriers for the math and science courses that the plaintiffs needed to complete for their majors in order for them to access these courses in an equally effective and integrated manner as compared to their non-disabled peers; (5) secured a consent decree on behalf of two blind students at Atlantic Cape Community College to make all of its student-facing software, digital educational content, websites, and lab equipment accessible; (6) secured, together with the United States Department of Justice, a settlement with Miami University of Ohio on behalf of the National Federation of the Blind and a blind student that required, among other things, the University to create an infrastructure for accessibility, audit and replace all inaccessible software, remediate all of its websites to ensure nonvisual accessibility, and replace all digital content that was inaccessible to blind students with accessible content.

     5.     I have handled other significant civil rights matters. As lead Plaintiff's counsel in *Mahone v. Ashton*, 10-C-1991-2984L, in the Circuit Court for Frederick County, I secured a settlement in which the Frederick Police Department, Maryland, which never had more than one African-American officer at a time in a force of nearly 100, agreed to an affirmative action plan to achieve parity with the demographics of the metropolitan hiring area. As lead Plaintiffs' counsel in *Diggs v. Housing Authority*, 67 F.Supp.2d 522 (D. Md. 1999), I secured an injunction in the federal court in Maryland against a policy by which the Housing Authority authorized the local police to cite for trespass any visitors to public housing. I have also represented fair

housing organizations and individual African-Americans in successful suits against apartment complexes under the Fair Housing Act. I also defended 23 rabbis, protesting the treatment of Soviet Jews, who were charged with congregating within 50 feet of the Soviet Embassy in the District of Columbia pursuant to an ordinance declared unconstitutional by the Supreme Court while the convictions were on appeal. In 2011 the American Bar Association recognized me and Marc Maurer, then the President of the National Federation of the Blind, with its Hearne Award for achievements in disability rights law.  I am one of only two recipients to date of the Kenneth Jernigan award, presented by the National Federation of the Blind for service to the organized blind.

6. I received an A.B. with Honors from Amherst College in 1969, and a J.D. with high honors from the University of Texas School of Law in 1973.

7. Upon graduation from law school, I was a law clerk to the Honorable Frank A. Kaufman of the U.S. District Court for the District of Maryland, and then briefly an associate in the litigation department of the law firm Frank, Bernstein, Conaway & Goldman. I left Frank, Bernstein in 1976 to serve as an Assistant United States Attorney for the District of Maryland, where I prosecuted white collar crime, political corruption, and two espionage cases involving former CIA employees. In 1982, I set up a solo practice of law and two years later co-founded the law firm now known as Brown, Goldstein & Levy, LLP ("BGL"). I am a Fellow of the American College of Trial Lawyers. I enjoyed the highest possible rating ("av") from the Martindale Hubbell Lawyers Directory, representing "very high to pre-eminent legal ability and very high ethical standards as established by confidential opinions from members of the Bar."

8. In 2011 I was awarded fees at the rate of $760 an hour in the case of *Elder v. National Conference of Bar Examiners*, 3:11-cv-00199-SI (N.D. Calif. Sept. 12, 2011).

9.     As the senior partner from BGL on this case, I was in charge of making work assignments within the firm and making all final decisions for the firm with respect to case strategy. I reviewed and edited various pleadings in the case. I argued the appeal from the court's grant of summary judgment to the Defendant.  The firm seeks compensation for 346.5 hours of my time through December 2017, at a billing rate of $625.00 per hour.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.


_____
Daniel F. Goldstein