**Brown Goldstein & Levy**

Joseph B. Espo
jbe@browngold.com

Also a member of the District of Columbia Bar

November 5, 2021

**BY ECF**
The Honorable Deborah K. Chasanow
U.S. District Court
  for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland  20770

  Re: Reyazuddin v. Montgomery County, Maryland
     Case No. 8:11-cv-00951-DKC

Dear Judge Chasanow:

  Plaintiff writes to bring to the Court's attention an inadvertent, potentially misleading statement in Plaintiff's Memorandum of Law in Support of Her Motion for an Award of Attorneys' Fees, Expenses, and Costs (ECF 426) and to provide a more complete statement of existing law on an issue.

  At ECF 426, dkt. pp. 23-24, Plaintiff wrote: "Pursuant to 42 U.S.C. § 12205, expenses in an ADA case include expert witness fees. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)." While accurate, that statement of law is applicable to ADA cases, while of course this case is brought pursuant to Section 504 of the Rehabilitation Act.

  Plaintiff has found no case in this circuit addressing the question of whether a prevailing plaintiff is entitled to recover expert witness fees in a Section 504 case. There appears to be a split of authority among district courts that have addressed the issue. *See, e.g., Lawton v. Success Academy of Fort Greene*, 2021 WL 911981* 2, 3 (E.D.N.Y. 2021) (holding that the 2009 amendment to § 504 authorized expert witness fees) (listing cases); *D. L. v. Dist. Of Columbia,* 267 F. Supp. 3d 55, 80 (D.D.C. 2017) (awarding expert witness fees and noting split in district courts), *vacated and remanded on other grounds*, *D.L. v. Dist. Of Columbia*, 924 F.3d 585 (D.C. Cir. 2019); *A.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-cv-02311, 2019 WL 2715681, at *9 (M.D. Pa. June 28, 2019) (awarding expert witness fees), *aff'd*, No. 19-2513, 2020 WL 7075301 (3d Cir. Dec. 3, 2020) *but see*, *M.P. ex rel. K.P. v. Independent School District*, No. 01-771, 2007 WL 844688 at *4 (D. Minn. 2007) (finding that expert fees are not recoverable under the Rehabilitation Act), *and Mason v. Maine Dept. of Corrections*, 387 F. Supp. 2d 57, 64 (D. Me. 2005) (same).

**B**ROWN **G**OLDSTEIN **L**EVY LLP

The Honorable Deborah K. Chasanow
November 5, 2021
Page 2

---

    If Your Honor would like further briefing on this issue, we would be happy to do so.

                             Respectfully submitted,

                             Joseph B. Espo

JBE/es
cc: all counsel by ECF